UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK

**06 CIV. 2797**

---

COLETTE D. RAGIN,

        Plaintiff,

vs.

**COMPLAINT**

NEWBURGH ENLARGED CITY SCHOOL DISTRICT, DR. ANNETTE SATURNELLI, SUPERINTENDENT OF SCHOOLS, sued in her individual capacity, and RUNSTON LEWIS, sued in his individual capacity,

        Defendants.

-------------------------------------------------------x

By and through her counsel, Michael H. Sussman, plaintiff hereby states as and for her Complaint against defendants:

## I. PARTIES

1. Plaintiff, Colette D. Ragin, is an African-American female who resides within this judicial district and is of legal age.

2. The Newburgh Enlarged City School District [NECSD] is a municipal corporation organized pursuant to the laws of the State of New York; it may sue and be sued and is governed by an elected School Board.

3. Defendant Annette Saturnelli is the duly appointed Superintendent of Schools for the NECSD and is a white female.

4. Defendant Runston "Pops" Lewis is an elected member of the NECSD Board and its president of its School Board.

5. All defendants conduct business and reside within this judicial district.

## II. JURISDICTION

6. As plaintiff claims that defendants violated rights provided her by the United States Constitution, federal and state law, this Honorable Court has federal question and supplemental jurisdiction as against defendants pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 1367, as well as 42 U.S.C. secs. 1981-a, 1983 and 1988.

### III. FACTUAL ALLEGATIONS

7. Commencing mid-2004-05 school year, defendant NECSD appointed plaintiff as principal of Horizons-on-Hudson Elementary School.

8. During the next year, plaintiff well-performed her duties and responsibilities.

9. However, after her first semester of employment, defendant Saturnelli directly and indirectly threatened to terminate plaintiff's employment.

10. In this regard, defendant Saturnelli was responding to pressure from the local teachers' union, long dominated by Caucasians, some of whom objected to plaintiff's tenure as principal.

11. Despite her threats against plaintiff's employment, during the summer of 2005, defendant Saturnelli never provided plaintiff with any neutral or non-discriminatory basis for dissatisfaction or professional concern and did not then act to recommend termination of plaintiff's employment.

12. Shortly after commencing her employment, Saturnelli summoned plaintiff to a meeting at which she introduced plaintiff to defendant Lewis, the School Board President.

13. During this meeting, after Saturnelli left the room, Lewis made inappropriate personal comments to, and impertinent personal inquiries of, the plaintiff.

14. Thereafter, Lewis contacted plaintiff at her home during the middle of the night and, on yet other occasions, invited plaintiff out with him and made clear his interest in a personal relationship with her.

15. Plaintiff repelled these advances, writing Lewis a letter in which she made clear her willingness to deal with him professionally, but not in any more personal manner.

16. Thereafter, Lewis invited plaintiff to a dinner honoring him, claiming that he had like invited all the other African-American school administrators.

17. In fact, plaintiff was the only principal who attended this event, where Lewis again attempted to shower attention upon her.

18. Defendant Lewis' advances were unwelcome and plaintiff made that clear.

19. Lewis also advised plaintiff that if she engaged him in a personal relationship, he would be her sponsor and insure her success in the school district.

20. After repelling Lewis' advances, plaintiff came under unfair and baseless criticism from defendant Saturnelli and other senior members of her staff, including the claim that plaintiff was to blame for the longstanding exodus of white students from the school she led and for the district's failure to attract more white students to that school.

21. In January 2006, Saturnelli suspended plaintiff and indicated she intended to recommend her dismissal from employment.

22. Pursuant to state law, plaintiff sought and received the alleged reasons for this recommendation.

23. Defendant Saturnelli adduced three reasons, each of which was materially baseless and false and showed Saturnelli's racially discriminatory intent.

24. Through counsel, plaintiff demonstrated to defendant district that these reasons were materially baseless and false.

25. Despite the baseless nature of these reasons, in early March 2006, defendant district terminated plaintiff effective April 2006.

26. This termination ratifiied the discriminatory and illegal conduct engaged in by the individual defendants.

27. Before voting to terminate plaintiff, the school district learned that defendant Lewis had subjected her to <u>quid pro quo</u> sexual harassment, but it initiated no investigation of the matter and demanded, instead, that plaintiff make a more formal complaint to one of defendant Saturnelli's deputies who, during the summer of 2005, had advised plaintiff of the Superintendent's desire to terminate her employment.

28. As plaintiff reasonably concluded that defendant district, Lewis and Saturnelli had decided to terminate her employment, she was not obliged to cooperate with a futile and

pre-determined investigation.

29. Defendant district has hired several African-American females as principal during the last five years; however, each has been terminated before attaining tenure. This reflects a district-wide policy and practice of intentionally discriminating against qualified female African-American principals.

30. By dint of her termination on baseless charges which would never have been deemed sufficient to justify the termination of a male Caucasian principal and the quid pro quo sexual harassment of defendant Lewis, plaintiff has suffered emotional anguish, deterioration in her medical health and economic loss, all of which she reasonably expects will continue.

## IV. CAUSES OF ACTION

31. Plaintiff repeats paras. 1-30 as if fully re-written herein.

32. By subjecting plaintiff to quid pro quo sexual harassment on the basis of her sex, defendant Lewis violated both the 14th Amendment's equal protection clause, as made actionable by 42 U.S.C. sec. 1983, and section 296 of the Executive Laws of the State of New York, a supplemental claim arising from the same nucleus of operative facts.

33. By intentionally discriminating against plaintiff on the basis of her race in the terms and conditions of her employment, defendants Saturnelli and NECSD have violated 42 U.S.C. sec. 1981-a, as well as the equal protection clause of the Fourteenth Amendment, made actionable pursuant to 42 U.S.C. sec. 1983, and section 296 of the Executive Law of the State of New York, a supplemental claim arising from the same nucleus of operative facts.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide issues within its compass;

c) award to plaintiff compensatory damages against all defendants for their illegal actions;

d) award to plaintiff punitive damages against the individual defendants for their malicious and spiteful conduct and to deter;

e) award pre and post judgment interest to plaintiff;

f) direct and order defendant district to re-employ plaintiff as a principal, and

g) enter any other order which the court deems necessary in the interests of justice and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN LAW OFFICES
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991