UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  June 3, 2011
```

------------------------------------X
COLETTE D. RAGIN,                   :
                                    :
            Plaintiff,              :
                                    :
    -against-                       :
                                    :
NEWBURGH ENLARGED CITY SCHOOL       :
DISTRICT and RUNSTON LEWIS, sued    :
in his individual capacity,         :
                                    :
            Defendants.             :
------------------------------------X

No. 10 Civ. 2797 (JFK)

**MEMORANDUM OPINION
AND ORDER**

**John F. Keenan, United States District Judge:**

This case involves allegations of quid pro quo sexual harassment and race discrimination brought by Colette Ragin ("Ragin" or "Plaintiff") against the Newburgh Enlarged City School District ("NECSD") and Runston Lewis ("Lewis") (with NECSD, "Defendants"), the former President of the NECSD Board of Education. Dr. Annette Saturnelli ("Saturnelli"), the former NECSD Superintendant of Schools, was also named as a defendant in this case, but was dismissed after she died in December 2010. Trial is scheduled to begin on June 6, 2011. Before the Court are Defendants' motions in limine to:

(1) preclude a ruling of the New York State Unemployment Insurance Appeal Board regarding Ragin's entitlement to unemployment insurance;
(2) permit the introduction of evidence of prior lawsuits filed by Ragin against other employers;
(3) permit the introduction of an affidavit sworn by Saturnelli after her January 2007 deposition; and
(4) bifurcate Ragin's claim for punitive damages.

For the reasons stated below, the Court grants Defendants'
motion to preclude the decision of the New York State
Unemployment Insurance Appeal Board, but denies Defendants'
other motions.

The Court presumes familiarity with the facts of this case,
which are discussed in the Court's Opinion and Order granting in
part Defendants' motion for summary judgment. See Ragin v.
Newburgh Enlarged City Sch. Dist., No. 06 Civ. 2797 (SCR), 2009
WL 4906111, at *1-4 (S.D.N.Y. Dec. 17, 2009).

## I.  Discussion

### A.  Admissibility of the New York State Unemployment Insurance Appeal Board's Ruling

Defendants move pursuant to Rule 403 of the Federal Rules
of Evidence to exclude the ruling of the New York State
Unemployment Insurance Appeal Board, which overruled the NECSD's
objection to Ragin's receipt of unemployment insurance benefits.
A district court may exclude relevant evidence if "its probative
value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or
by considerations of undue delay, waste of time, or needless
presentation of cumulative evidence." Fed. R. Evid. 403.  In
this case, the Appeal Board made a number of factual findings
about the allegations that Ragin committed misconduct while
working for the NECSD, and determined that Ragin was entitled to

receive unemployment insurance benefits.  Given that the
questions presented to the Appeal Board did not concern her
discrimination allegations and were substantially different from
those involved in this case, the introduction of the Appeal
Board ruling presents a substantial risk of jury confusion.
Moreover, in this case the jurors are the triers of fact, not
the Appeal Board.  In light of the risk of confusion and
Plaintiff's opportunity to present the facts underlying the
Appeal Board's ruling at trial, the Court excludes the Appeal
Board's ruling under Rule 403.  Plaintiff's contention that the
Appeal Board's ruling should preclude Defendants from litigating
certain issue presented to the Appeal Board does not change this
result, because the issues presented to the Appeal Board are not
substantially similar to those presented in this case. See Gelb
v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986) (for
collateral estoppel to apply, "the issues in both proceedings
must be identical").

**B.    Admissibility of Evidence of Prior Lawsuits Filed by
       Ragin Against Other Employers**

Defendants move for the admission of evidence of lawsuits
previously filed by Ragin against other employers.  Two rules of
evidence are implicated by Defendants' motion:  Rule 404(b),
which prohibits the admission of evidence of prior acts in order
to prove action in conformity with character, and Rule 403,

which permits the district court to exclude evidence where the probative value is substantially outweighed by the possibility of jury prejudice or confusion. Fed. R. Evid. 403, 404(b). Defendants argue that the evidence of Ragin's past litigation is not being introduced to show action in conformity with character.  Instead, Defendants seek to introduce this evidence claiming it is probative of Ragin's credibility, the amount of injury she suffered, and her motive to make allegations of discrimination and sexual harassment during the time she was employed by NECSD.

Even if the Court were to accept that these are valid arguments for the admission of evidence of Ragin's prior litigation, Rule 403 requires exclusion of the evidence of prior litigation because there is too high a risk of juror prejudice and confusion.  This case is about Ragin's allegations against NECSD and Lewis.  The introduction of evidence concerning Ragin's past litigation would distract the jury from the central issues in the trial and may well lead to prejudice against Ragin as a frequent litigant.  We would be getting too close to propensity evidence.  Any small probative value that the evidence of Ragin's prior lawsuits has is substantially outweighed by the high risk of jury confusion and prejudice, and therefore, Defendants' motion is denied.

**C.    Admissibility of the Saturnelli Affidavit**

Defendants move for the admission of an affidavit previously submitted in support of its motion for summary judgment under the "residual" hearsay exception contained in Rule 807 of the Federal Rules of Evidence.  Under Rule 807, hearsay having "circumstantial guarantees of trustworthiness" equivalent to those supporting the hearsay exceptions contained in Rules 803 and 804 is not barred from admission by the hearsay rule if the court determines that:

> (A)    the statement is offered as evidence of a material fact;
> (B)    the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and
> (C)    the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807.  The Saturnelli Affidavit addresses Saturnelli's recommendation to the Board that Ragin's employment be terminated and her subjective reasons for making this recommendation; it is certainly "offered as evidence of a material fact."  It is not, however, more probative than other evidence Defendants could have procured through reasonable efforts.  All of the facts contained in the affidavit can be established by the introduction of business records, Saturnelli's January 2007 deposition, or the testimony of other witnesses.  Defendants could have elicited the testimony

contained in the Saturnelli Affidavit by asking additional questions during her January 2007 deposition or by conducting an additional deposition at some time prior to December 2010, but they failed to take either course of action.  Furthermore, the general purposes of the Federal Rules of Evidence and the interests of justice will not be best served by admission of the Saturnelli Affidavit, because the application of the residual exception in this case would abrogate the requirement in Rule 804(b)(1) that a party against whom prior sworn testimony is offered must have had an opportunity for cross-examination. Admission of the Saturnelli Affidavit is not appropriate under Rule 807, and Defendants' motion is denied.

**D.    Bifurcation of the Issue of Ragin's Entitlement to Punitive Damages**

Defendants request that the Court try the issue of Ragin's entitlement to punitive damages separately from the issue of Defendants' liability and the proper amount of compensatory damages.  Under the Federal Rules of Civil Procedure, a district court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize" the litigation. Fed. R. Civ. P. 42(b).  Here, Defendants claim that the jury will likely be confused--and Lewis prejudiced--by the presentation of evidence about Lewis' ability to pay punitive damages before the jury reaches a verdict on the issues of liability and

compensatory damages.   Though Defendants cite several Second Circuit cases suggesting that bifurcation is a permissible exercise of a district court's discretion, these cases do not support Defendants' position that bifurcation is necessarily warranted in this case.   Here, Defendants have presented no evidence to the Court likely to prejudice Lewis or to confuse the jury.   Defendants' bare assertion that prejudice could result is not sufficient to warrant bifurcation. See Simpson v. Pittsburgh Corning Corp., 901 F.2d 277, 283 (2d Cir. 1990) (affirming the district court's denial of a motion to bifurcate the determination of punitive damages in part because movant "made no detailed offer of proof to indicate the need for bifurcation").   Defendants' motion for bifurcation is denied.

### III.  Conclusion

For the reasons state above, Defendants' motion to preclude the New York State Unemployment Insurance Appeal Board is GRANTED, and Defendants' other motions in limine are DENIED.

**SO ORDERED.**

Dated:     New York, New York
           June 3, 2011

_____
            JOHN F. KEENAN
       United States District Judge

-7-